# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA BARRETT, individually
and o/b/o S.S. and B.S., her minor
daughters,

       Plaintiff,

       v.

WYOMING VALLEY WEST
SCHOOL DISTRICT,

       Defendant.

CIVIL ACTION NO. 3:16-cv-01769

(SAPORITO, M.J.)

## <u>MEMORANDUM</u>

This action was commenced by the filing of a praecipe for writ of summons in the Court of Common Pleas of Luzerne County on October 21, 2015. Thereafter, on August 1, 2016, the plaintiff filed her complaint. The plaintiff seeks damages under Title IX of the Education Act, 20 U.S.C. § 1681(a) and under 42 U.S.C. § 1983. The defendant filed a timely notice of removal in this court. Before us is the defendant's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 3). For the reasons stated herein, the motion is denied in part and granted in part.

## I.  Statement of the Case

This case stems from an incident which occurred on November 8, 2013, involving S.S., a kindergarten student in the Wyoming Valley School District at the Schuyler Elementary School.  S.S. is the minor child of plaintiff.  The complaint alleges that on that date, S.S. was physically and emotionally assaulted by A.K. and L.C., two kindergarten boys, when they physically touched S.S. in a sexual way in a coat closet at the Schuyler Elementary School.  (Doc. 1-2 ¶ 10).  The sexual assault was discovered by the kindergarten teacher at some point after the boys had allegedly removed S.S.'s underwear. (*Id.* ¶ 12). On November 12, 2013, the plaintiff met with the principal and school counselors in order to discuss the circumstances.  (*Id.* ¶ 14).  A.K. and L.C. each received a three-day suspension. (*Id.*).  The days following the alleged assault S.S. began having difficulty sleeping and was reluctant to go to school.  (Id. ¶ 16).

The plaintiff alleges that both of the kindergarten boys had older brothers who may have had contact with B.S., S.S.'s older sister, who was in fourth grade.  (*Id.* ¶ 17).  The plaintiff had lost confidence in the school officials' handling of the circumstances and alleged that she was

caused to take both S.S. and B.S. out of the school. (*Id.* ¶¶ 17,18).

On November 13, 2013, a representative of the defendant school district contacted the plaintiff and advised her that school transportation would be at her home the following morning to transport her daughters to the Dana Street Elementary School. Plaintiff had not agreed to change the school for her daughters. (*Id.* ¶ 19). S.S. and B.S. were out of school for over two and one half months during which time they underwent regular counseling sessions and, at the same time, the defendant school district exerted constant pressure upon the plaintiff to have the minor children change schools. (*Id.* ¶ 22).

On January 10, 2014, the defendant school district filed truancy charges against the plaintiff in the office of a local magisterial district judge where the plaintiff was required to post a bond after she pled not guilty to the charges and requested a hearing. (*Id.* ¶¶ 23, 24). Upon the conclusion of the hearing, the truancy charges were summarily dismissed by the court. (*Id.* ¶ 25).

Eventually, S.S. and B.S. were forced to change schools and to attend the Dana Street Elementary School. (*Id.* ¶ 27).

# I. Legal Standards

## A. Rule 12(b)(1) Standard

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *see also Const. Party of Pa. v. Aichele,* 757 F.3d 347, 357 (3d Cir. 2014) ("A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1) because standing is a jurisdictional matter."). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court

4

records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the former category.

### B.   *Rule 12(b)(6) Standard*

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d

Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Further, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993). However, documents attached to a motion to dismiss may only be considered if they are referred to in the plaintiff's complaint and if they are central to the plaintiff's claims. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 228 F.3d 548, 560 (3d Cir. 2002); *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 284 (E.D. Pa. 2009).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages*, 926 F.2d at 1409; *Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980); *Holocheck v. Luzerne Cty.*

*Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## I. Discussion

### A. The plaintiff has standing to sue.

This action is brought by a parent seeking to remedy alleged Title IX violations of her minor children and seeking to remedy violation of the constitutional rights of the parent.

As a general rule, "a litigant may only assert his own constitutional rights or immunities." *United States v. Raines*, 362 U.S. 17, 22 (1960); *see also McGowan v. Maryland*, 366 U.S. 420, 429 (1961) (quoting *Raines*); *O'Malley v. Brierley*, 477 F.2d 785, 789 (3d Cir. 1973) (quoting *Raines* and *McGowan*). "[O]ne cannot sue for the deprivation of another's civil rights." *O'Malley*, 477 F.2d at 789. "Only persons actually deprived of their individual civil rights can redress such rights." *Id.* at 789 n.2 (quoting *United States v. Biloxi Mun. Sch. Dist.*, 219 F. Supp. 691, 694 (S.D. Miss. 1963), *aff'd*, 326 F.2d 237 (5th Cir. 1964)). A

parent, not acting in a representative capacity, lacks standing to sue for the deprivation of the civil rights of his or her children. *Rabold v. "The Syndicate"—Monroe Cty., Pa. Charter,* No. 3:06-cv-2474, 2007 WL 43988, at *1 (M.D. Pa. Jan. 4, 2007); *Tyree v. Smith*, 289 F. Supp. 174, 175 (E.D. Tenn. 1968).

Here, it is clear from the complaint that the plaintiff is suing the defendant school district for alleged violations of the rights of her minor children, S.S. and B.S., under Title IX. The plaintiff, in counts I and II of the complaint, seeks damages on behalf of her minor children S.S. and B.S. (Doc. 1-2, at 7-9). Moreover, the complaint specifically states that both S.S. and B.S. are represented by their mother, the plaintiff. (*Id.* ¶¶ 2, 3). Thus, we find that the defendant's 12(b)(1) motion lacks merit and must be denied.

### B.     *The plaintiff has sufficiently pled valid Title IX claims.*

The defendant argues that the plaintiff has failed to plead valid Title IX claims. Title IX of the Education Act provides with certain exceptions that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity

receiving federal financial assistance." 20 U.S.C. § 1681(a). The plaintiff has set forth claims for student-on-student sexual harassment and retaliation.

> ### *(1)     The plaintiff has sufficiently pled a valid claim for student-on-student sexual harassment.*

The defendant maintains that the plaintiff has failed to set forth a valid Title IX claim for student-on-student sexual harassment.

It is settled that a funding recipient's deliberate indifference to sexual harassment of a student by another student can constitute sex discrimination under Title IX. *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 643 (1999). For a school district to be held liable for a claim of student-on-student sexual harassment under Title IX, a plaintiff must establish that: (1) the defendant receives federal funds; (2) sexual harassment occurred; (3) the harassment occurred under 'circumstances wherein the recipient exercise[d] substantial control over both the harasser and the context in which the known harassment occur[red], (4) the funding recipient had 'actual knowledge' of the harassment; (5) the funding recipient was 'deliberately indifferent' to the harassment; and (6) the harassment was 'so severe, pervasive, and objectively offensive

that it [could] be said to [have] deprive[d] the victims of access to the educational opportunities or benefits provided by the school.' *Davis*, 526 U.S. at 645, 650.

Here, the defendant only contends that the complaint fails to allege facts to constitute deliberate indifference. The defendant asserts that the plaintiff failed to set forth sufficient facts to establish that the defendant's response to the alleged harassment is clearly unreasonable in light of the known circumstances.

A finding of deliberate indifference depends on the adequacy of a school district's response to the harassment. *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012); *accord Doe v. Bellefonte Area Sch. Dist.*, 106 Fed. App'x 798, 799 (3d Cir. 2004) ('The relevant inquiry for purposes of evaluating whether [a school district] was deliberately indifferent to known circumstances of harassment is to review its response to reported incidents of harassment.'). To constitute deliberate indifference, the recipient's response to the harassment must be 'clearly unreasonable in light of the known circumstances.' *Davis*, 526 U.S. at 648.

A review of the complaint reveals that it adequately sets forth a

factual basis to support the deliberate indifference requirement. A review of the school district's response to the harassment reflects the following: (1) the alleged sexual assault was discovered by the kindergarten teacher who made no written findings. (Doc. 1-2 ¶ 12); (2) the school's principal informed the plaintiff of the incident and publicly stated he "wasn't sure anything happened" (*Id.* ¶ 10); (3) four days after the incident, the plaintiff and her mother met with the principal, the kindergarten teacher, and a school counselor (*Id.* ¶ 14); (4) at that meeting, the principal prevented the kindergarten teacher and school counselor from answering any questions (*Id.*); (5) the two boys received a 3-day suspension (*Id.*); (6) the school counselor suggested that S.S. be transferred to another school (*Id.* ¶ 15); (7) the principal suggested that one of the boys, A.K., be put in another kindergarten classroom (*Id.*); and (8) a day after the meeting, when confronted with the possibility that the older brothers of A.K. and L.C., may have contact with B.S., S.S.'s older sister, the school officials stated they had "never thought of that" (*Id.* ¶ 17). The plaintiff has set forth a plausible showing of entitlement to relief for sexual harassment under Title IX. Thus, the defendant's motion to dismiss this claim will be denied.

### *(2)* **The plaintiff has set forth a viable claim for retaliation under Title IX.**

The defendant urges us to dismiss the retaliation count because the complaint is devoid of facts sufficient to demonstrate retaliation. We disagree.

Although the statute does not specifically mention retaliation, it is settled that retaliatory conduct is within the broad prohibition of 'discrimination' made unlawful by Title IX. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174, (2005). To establish a prima facie case of retaliation, a plaintiff must show (1) that he or she engaged in protected activity; (2) defendant had knowledge of the protected activity; (3) adverse school-related action was taken against plaintiff; and (4) a causal connection between the protected activity and the adverse action. *Yan v. Penn State Univ.*, 529 Fed. App'x 167, 171 (3d Cir. 2013) (citing *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 91 (2d Cir. 2011).

Here, the plaintiff alleged that she complained to the school district and the local police about the sexual assault to S.S. (Doc. 1-2 ¶ 13). As part of its response, the school district recommended that S.S. and B. S. change school locations from Schuyler Avenue to Dana Street.

(*Id.* ¶ 47).  However, the counselors at Children and Youth Services advised against moving S.S. as she would feel she did something wrong. (*Id.* ¶ 44).  Despite the plaintiff's request to investigate the situation, the school district suggested that S.S. be transferred.  These allegations are sufficient to defeat the defendant's motion to dismiss on the retaliation claim.

B.  ***The plaintiff has not pled a cause of action under 42 U.S.C. § 1983 against the defendant***.

Count III of the complaint is the plaintiff's claim under 42 U.S.C. § 1983 alleging that the truancy charges filed by the defendant against the plaintiff were brought without reasonable cause or justification. The defendant contends that Count III fails to state a claim upon which relief can be granted.  We agree.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but

instead provides remedies for rights established elsewhere. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, the plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

"On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Id.* at 690. A school district may be liable under *Monell*. *McGreevy v. Stroup*, 413 F.3d 359, 367-69 (3d Cir. 2005).

But "[u]nder *Monell*, a municipality cannot be subjected to

liability solely because injuries were inflicted by its agents or employees." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a municipality can be liable under § 1983 only if the conduct alleged to be unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Jiminez*, 503 F.3d at 249. "A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). The complaint in this case does not identify any such policy or custom adopted or promulgated by the Wyoming Valley West School District.

Accordingly, Count III in the complaint against the defendant

shall be dismissed for failure to state a claim.

### C. *Leave to Amend*

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d, 108 (3d Cir. 2002). It is not clear that amendment would be futile with respect to Count III of the plaintiff's claim, nor is there any basis to believe it would be inequitable. We will grant leave to the plaintiff to file an amended complaint.

An appropriate order follows.

***s/ Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: September 26, 2017